**No. 12-60753**
_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**
_____

**LISA CARPENTER MOONEY**
*Plaintiff-Appellant*

**VERSUS**

**LAFAYETTE COUNTY SCHOOL DISTRICT**
*Defendant-Appellee*
_____

**REPLY BRIEF OF APPELLANT LISA CARPENTER MOONEY**
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

Michael P. Mills, Chief United States District Court Judge

| | |
|---|---|
| JIM WAIDE | Waide & Associates, P.A. |
| MISSISSIPPI BAR NO. 6857 | 332 North Spring Street |
| | Post Office Box 1357 |
| | Tupelo, MS 38802 |
| | Telephone: (662) 842-7324 |
| | Facsimile: (662) 842-8056 |
| | Email: waide@waidelaw.com |

Attorneys for Appellant

30868.1

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

REPLY ARGUMENT I. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    MOONEY'S REFUSING TO SUPPORT SUPERINTENDENT FOSTER IN HIS POLITICAL CAMPAIGN IS FIRST AMENDMENT PROTECTED SPEECH.

REPLY ARGUMENT II . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    THERE WAS SUFFICIENT EVIDENCE FROM WHICH A REASONABLE JURY COULD FIND A CAUSAL CONNECTION BETWEEN MOONEY'S FIRST AMENDMENT SPEECH AND THE NON-RENEWAL OF HER TEACHER'S CONTRACT.

REPLY ARGUMENT III . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    PROTEST AGAINST SEX DISCRIMINATION IS PROTECTED SPEECH.

REPLY ARGUMENT IV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    LISA MOONEY DID TIMELY FILE AN EEOC CHARGE.

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

CASES:

*Bonnell v. Lorenzo*, 241 F.3d 800 (6th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . 4-5

*Connick v. Myers*, 461 U.S. 138 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Evans v. City of Houston*, 246 F.3d 344 (5th Cir. 2001) . . . . . . . . . . . . . . . . . . . . 12

*Fowler v. Carrollton Pub. Library*, 799 F.2d 976 (5th Cir. 1986) . . . . . . . . . . . . 12

*F.D.I.C. v. Mijalis*, 15 F.3d 1314 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Gray v. Locke*, 885 F.2d 399 (7th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000) . . . . . . . . . 1-3

*Russell v. McKinney Hosp. Venture*, 235 F.3d 219 (5th Cir. 2000) . . . . . . . . . . . 12

*Salitros v. Chrysler Corp.*, 306 F.3d 563 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . . . 2

*Stokes v. Emerson Elec. Co.*, 217 F.3d 353 (5th Cir. 2000) . . . . . . . . . . . . . . . . . . 5

*Tolbert v. Queens College*, 242 F.3d 58 (2nd Cir. 2001) . . . . . . . . . . . . . . . . . . . . 2

*Vojvodich v. Lopez*, 48 F.3d 879 (5th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Wright v. West*, 505 U.S. 277 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

MISSISSIPPI CASES:

*McDonald v. East Jasper County School Dist.*, 351 So.2d 531 (Miss. 1977) . . . . 7

## OTHER CITATIONS:

Civil Rights Act of 1964, 42 U.S.C. § 2000 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

Education Amendments Act of 1972, 20 U.S.C. § 1681, et seq. . . . . . . . . . . . . . . 9

Miss. Code Ann. § 37-9-17 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Miss. Code Ann. § 37-9-24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Miss. Code Ann. § 37-9-25. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Miss. Code Ann. § 37-9-105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# **INTRODUCTION**

Plaintiff/Appellant Lisa Carpenter Mooney (hereinafter "Mooney") was such a good speech pathologist that her principal initiated promoting to her assistant principal because of her ability and work ethic. R. 223-23. The year following the school year in which she refused to lend her political support to the superintendent of education, however, Mooney was told that she was going be demoted. R. 226-229, 254. When she protested that the probable reason for the demotion was sex discrimination, Mooney was immediately placed on a performance improvement plan. R. 249-51. At the conclusion of the year of the performance improvement plan, Mooney was non-renewed. R. 257. Mooney filed suit against the Lafayette County School District (hereinafter "Defendant"), and the district court granted summary judgment. R. 8-15, 340.

This grant of summary judgment is not consistent with the fundamental principle of *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), that courts are to draw all permissible "inferences" in plaintiff's favor and to disregard all evidence that the jury is not "required to believe." 530 U.S. at 150-51. The only way for Defendant to prevail is to credit Defendant's own agents, Superintendent Foster and Principal Boyd. *Reeves*, however, requires the district court to credit only that evidence which the jury is "required to believe." *Id.* *Reeves* pointedly emphasized

that this analysis does not necessarily include crediting even the uncontradicted testimony of witnesses who are not "disinterested." *Id.* According to *Salitros v. Chrysler Corp.*, 306 F.3d 563, 369 (8th Cir. 2000), a court can only "accept all the evidence favoring [non-movant], ... that comes from disinterested witnesses." Similarly, *Tolbert v. Queens College*, 242 F.3d 58, 72 (2nd Cir. 2001), held that accepting as true the testimony of agents of a defendant is not "within the province of the court," because defendant's agents are not "disinterested witnesses." Principal Boyd and Superintendent Foster are not "disinterested witnesses." They are agents of Defendant, and Foster has personally been offended by Mooney on two occasions – first when she declined to campaign for him and again, when she accused him of sex discrimination. Boyd is Foster's immediate subordinate, and her job depends on his good will.

Furthermore, the credibility of Boyd and Foster is suspect because they had yet another reason for animosity against Mooney. Mooney had not only refused to campaign for Foster, and accused him of sex discrimination; she had also written a memorandum, containing statistical evidence demonstrating that false claims of parental complaints and excessive disciplinary action problems were being made against her. Mooney's memorandum provided statistical evidence that parents were highly satisfied with her, and provided statistical evidence that, in fact, the

disciplinary record at her school was the best in the school district. R. 254-55. The very fact that Defendant would make pretextual charges against Mooney is itself evidence from which a jury could infer that unlawful reasons are the cause of the ultimate decision to non-renew her.

> In appropriate circumstances, the trier of fact can reasonably infer from the falsity of the explanation that the employer is dissembling to cover up a discriminatory purpose. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." *Wright v. West*, 505 U.S. 277, 296, ... (1992); ... Moreover, once the employer's justification has been eliminated, discrimination may well be the most likely alternative explanation, especially since the employer is in the best position to put forth the actual reason for its decision...

*Reeves*, 530 U.S. at 147 (some citations omitted).

In Mooney's case, a fact-finder should have been entitled to infer that because of the false claims of poor performance, Defendant's agents were "dissembling to cover up a discriminatory purpose," which was to retaliate because of her refusal to campaign for Foster and her subsequent accusation of sex discrimination.

None of the reasons assigned by Defendant in its brief warrant the grant of summary judgment.

# REPLY ARGUMENT I.

## MOONEY'S REFUSING TO SUPPORT SUPERINTENDENT FOSTER IN HIS POLITICAL CAMPAIGN IS FIRST AMENDMENT PROTECTED SPEECH.

Defendant first argues that Mooney's decision not to support Foster is not protected speech. The speech in question is Mooney's refusal to join a lengthy list of teachers who, at the request of Assistant Superintendent McClung, paid for and signed a newspaper advertisement supporting Foster's 2007 campaign for reelection. R. 216-17, 251-53. Mooney also refused to give McClung negative information concerning Foster's political opponent, Carolyn Davis, to be entered into Davis' personnel file. R. 217-18. Assistant Principal Boyd testified that she informed McClung of her own support of Foster, R. 237, and also informed McClung that Mooney was supporting Foster's opponent, Carolyn Davis. R. 239. Defendant's claim that such a refusal to support the superintendent in a political campaign is not protected by the First Amendment is frivolous. According to *Connick v. Myers*, 461 U.S. 138, 149 (1983): "We have recently noted that official pressure upon employees to work for political candidates not of the worker's own choice constitutes a coercion of belief in violation of fundamental constitutional rights..." Accord, *Vojvodich v. Lopez*, 48 F.3d 879 (5th Cir. 1995); *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998).

Assuming that a basic exercise of free speech, such as declining to support a

political candidate with whom one does not agree, should yield to a demonstration of interference in the "effective and efficient fulfillment of [governmental] responsibilities," *Connick*, 461 U.S. at 515, there is no evidence in this record of any discord caused by Mooney's refusal to support Superintendent Foster in the campaign. Absent evidence of some actual or potential interference with workplace efficiency, there was no basis to deny Mooney the right to support whomever she chose for superintendent of education.

## **REPLY ARGUMENT II.**

**THERE WAS SUFFICIENT EVIDENCE FROM WHICH A REASONABLE JURY COULD FIND A CAUSAL CONNECTION BETWEEN MOONEY'S FIRST AMENDMENT SPEECH AND THE NON-RENEWAL OF HER TEACHER'S CONTRACT.**

Note 6 of Defendant's brief cites *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358, n. 19 (5th Cir. 2000) and *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1326-27 (5th Cir. 1994), as holding that "[a]rguments not raised in the district court cannot be asserted for the first time on appeal." Defendant never argued to the district court that the lack of temporal proximity is grounds for summary judgment. R. 162-81 (Defendant's brief before district court). Thus, according to note 6 of Defendant's brief, its argument an alleged lack of temporal proximity cannot be considered on this appeal.

Of course, the fact is that both parties argued the sufficiency (or insufficiency) of the evidence in the court below. See R. 162-81 (Defendant's brief before district

court) and R. 258-72 (Mooney's brief before district court). Although Defendant never argued lack of temporal proximity before the district court, the district court relied upon lack of temporal proximity as the basis for its grant of summary judgment. See District Court Opinion, R. 341-52. Accordingly, this Court should address the temporal proximity argument.

In connection with "temporal proximity," the following time line is provided as follows:

- 2001 – Mooney is hired as speech pathologist by Defendant. R. 214.

- 2006 – Mooney receives statewide recognition for her outstanding performance as a speech pathologist. R. 105.

- May 2006 – Mooney is promoted to an assistant principal position for the 2006-2007 school year. R. 102, 215, 223-25.

- 2007 – Mooney refuses to campaign for Superintendent Foster, refuses to donate to his campaign, and refuses to sign an advertisement in support of his candidacy. R. 215-17.

- May 2009 – Mooney writes a memorandum in response to the plan to demote her, documenting how Defendant is citing false reasons and inquiring whether the real reason is sex discrimination. R. 254-55.

- May 2009 – Demotion is rescinded, but Mooney is placed on a performance improvement plan for 2009-2010 school year. R. 249-51.

- May 2010 – Mooney is non-renewed. R. 257.

This time line can be properly read only in light of Mississippi law limiting when the one-year contracts of public school teachers may be renewed.

Under Mississippi law, teachers are hired under one-year contracts. Miss. Code Ann. §§ 37-9-24 and 37-9-25. According to Miss. Code Ann. § 37-9-105(b), in order to non-renew a teacher's contract for the coming year, "the superintendent, ... shall give notice of nonreemployment on or before April 15,..." Furthermore, a superintendent can recommend a teacher's non-renewal only where the school principal has made a recommendation for non-renewal on or before April 1 of each year. Miss. Code Ann. § 37-9-17(1). To effect the non-renewal, Mississippi law requires strict compliance with these notice provisions. As put in *McDonald v. East Jasper County School Dist.*, 351 So.2d 531, 532 (Miss. 1977), the "Public School Fair Dismissal Act requires mandatory compliance with its notice provisions."

Mooney wrote a memorandum on May 21, 2009, protesting sex discrimination and demonstrating that Defendant's reasons for wanting to demote her were false and pretextual. At that time, the April 1, 2009 deadline for the principal to give a recommendation of non-renewal for the next year had already passed. Defendant's immediately placing Mooney on a performance improvement plan for the 2009-2010 school year was the most feasible retaliatory action it could take because the statutory deadline to simply non-renew her contract had passed. The performance improvement

plan immediately followed the complaint of sex discrimination, and the decision to non-renew came at the first non-renewal opportunity that was available after Mooney's May 21, 2009 protest of sex discrimination.

Under these circumstances, there is temporal proximity. Defendant put Mooney on a performance improvement plan immediately following the protest of sex discrimination, and then it non-renewed her at the first non-renewal opportunity thereafter.

As to the claim regarding the political campaign, it is true that there could have been a non-renewal in the spring of 2008, following the 2007 campaign. This, however, would have been very suspicious since, in that very spring, Boyd had written an email documenting that Boyd could not even "perform her job" without Mooney. R. 255.

## ARGUMENT III.

**PROTEST AGAINST SEX DISCRIMINATION IS PROTECTED SPEECH.**

Mooney's protest against sex discrimination is contained in her May 21, 2009 memorandum. R. 254-55. This memorandum is largely employee speech. The speech of public concern, however, comes in the following portion of the memorandum:

In our conversation on May 13, 2009, you stated Adam Pugh may be

> going to South Pontotoc leaving an administrative opening in the district. I have also learned from another source that Rodney Flowers may be moved to fill Adam's position. Since a man is being moved to my position, is it because I am a woman that I am not being transferred to another administrative position in the district? I have a specialist degree in administration which more than qualifies me for any administrative position in this district, unlike most of the district's administrators, who only have a mater's degree. When a Reduction In Force (RIF) occurs, the last hired is the first to go. I am not the last administrator hired into the Lafayette County School District. Scott Haley, Assistant principal at the high school, was hired into the district this school year. Is Scott Haley, a first year administrator in this district, also being transferred back to the classroom?

R. 255.

This portion of the memorandum contains an unequivocal claim of sex discrimination. A claim that public schools are engaging in sex discrimination is a matter of public concern. It is of such public concern that the United States Congress passed a statute specifically outlawing sex discrimination by employers, including political subdivisions. Civil Rights Act of 1964, 42 U.S.C. § 2000. It is of such concern, that Congress addressed sex discrimination through the Education Amendments Act of 1972, 20 U.S.C. § 1681, et seq. Several cases have addressed analogous issues and held them to be of public concern. *Bonnell v. Lorenzo*, 241 F.3d 800 (6th Cir. 2001) (professor's circulation of student's sexual harassment complaint with name of student redacted in order to attack sexual harassment policy of school was matter of public concern); *Gray v. Locke*, 885 F.2d 399 (7th Cir. 1989)

(complaints about sex harassment on job was matter of public concern).

## ARGUMENT IV.

## LISA MOONEY DID TIMELY FILE AN EEOC CHARGE.

Besides arguing that a complaint about sex discrimination[1] is not protected speech, Defendant claims that it is also not protected under the retaliation provision of Title VII, because "Mooney did not timely file an EEOC charge." Defendant's brief, p. 19. In fact, Mooney did file a timely EEOC charge. Mooney was informed of her non-renewal on May 5, 2010 and filed her EEOC charge on June 10, 2010, thirty days later. R. 13. An EEOC charge is timely when it is filed within one hundred eighty (180) days from the date of the adverse employment decision. 42 U.S.C. § 2000e-5.

By stating that the EEOC charge is not "timely," Defendant may mean that the charge was not filed within one hundred eighty days after Mooney complained about sex discrimination. This complaint of sex discrimination, of course, was made on May 21, 2009, when Mooney wrote her memorandum in response to being informed she was going to be demoted and documented her excellent performance, and asked whether "is it because I am a woman that I am not being transferred to another

---

[1] Defendant notes Mooney was ultimately replaced by a woman. Of course, this was nearly a year later. No replacement was made until after Mooney filed her EEOC charge. In any event, there is no claim of sex discrimination before this Court. The claim is that Mooney was retaliated against for complaining about sex discrimination.

academic position?" R. 255.

It was immediately after this memorandum and, according to the superintendent, at least in part because of it, that Defendant rescinded the demotion and, instead, put Mooney on a performance improvement plan. See R. 249-51. Defendant's brief correctly states that merely being put on a performance improvement plan is not an "adverse employment action." Defendant's brief, p. 20. The performance improvement plan does, however, evidence an intent to retaliate. The adverse employment action (the non-renewal) did not come until after the year of the performance improvement plan, and Mooney timely filed her EEOC charge within one hundred eighty (180) days after that adverse decision.

## CONCLUSION

The heart of this case is a factual dispute about whether Lisa Mooney was terminated because of a combination of her exercise of her constitutional rights in refusing to campaign for Foster and in telling Superintendent Foster that any proposed demotion of her must be the result of sex discrimination. Defendant's claim of poor performance after the political campaign is in "stark contrast," *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001), to Mooney's admitted excellent performance before the campaign. As put in *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 234 (5th Cir. 2000), citing *Fowler v. Carrollton Pub. Library*, 799 F.2d 976,

984 (5th Cir. 1986),"[m]otivation presents a classic jury issue." The issue in this case is motivation for Mooney's non-renewal. The grant of summary judgment should be reversed.

Respectfully submitted, this the 19th day of February, 2013.

WAIDE & ASSOCIATES, P.A.


BY: */s/ Jim Waide*
JIM WAIDE
MS BAR NO. 6857


WAIDE AND ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

Attorneys for Appellant

## **CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff-Appellant has this day filed the above and foregoing **Reply Brief of Appellant** with the Clerk of the Court, utilizing this Court's electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

Stephen P. Spencer, Esq.
sspencer@mitchellmcnutt.com

THIS the 19th day of January, 2013.

*/s/ Jim Waide*
JIM WAIDE

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

1. This brief complies with the type-volume limitation of FED. R. APP. P. 32(a)(7)(B) because it contains 2,566 words, excluding the parts exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Corel WordPerfect Office X3, in 14-point Times New Roman font (except for footnotes, which are in 12-point Times New Roman font, as permitted by Fifth Circuit Rule 32.1).

3. The undersigned understands a material misrepresentation in completing this certificate or circumvention of the type-volume limits in FED. R. APP. P. 32(a)(7), the typeface requirements of FED. R. APP. P. 32(a)(5), or the type style requirements of FED. R. APP. P. 32(a)(6) may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

SO CERTIFIED, this the 19th day of February, 2013.

*s/ Jim Waide*
JIM WAIDE
Attorney for Appellant